UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH THOMPSON,

    Petitioner,

Case No. 2:14-cv-13396
Hon. Arthur J. Tarnow

v.

DUNCAN MACLAREN,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Joseph Thompson, ("Petitioner"), incarcerated at the Kinross Correctional Facility in Kincheloe County, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled no contest in the Bay Circuit Court to armed robbery. He was sentenced to a term of 18 months-to-20 years in prison. In his pro se application, Petitioner asserts: (1) he was sentenced using incorrectly scored sentencing guidelines; (2) the state court considered a deferred adjudication of criminal charges in Texas in scoring the guidelines contrary to a state statute; and (3) the state court relied on an unpublished Michigan Court of Appeals decision to reject Petitioner's claim when a published opinion supports it. The petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

I. Background

Petitioner pled no contest to the above charges in the Bay Circuit Court. Following sentencing he filed a motion for resentencing, asserting that the prior offense variable portion of the

sentencing guidelines was incorrectly scored when the court considered a deferred criminal charge in Texas in computing the prior record variable. The trial court denied the motion, relying on an unpublished Michigan Court of Appeals decision. Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising his habeas claims. The application was denied on October 16, 2013. *People v. Thompson*, Mich. Ct. App. No. 314828. Petitioner appealed this decision to the Michigan Supreme Court, but leave to appeal was denied on April 28, 2014. *People v. Thompson*, Mich. Sup. Ct. No. 148213.

## II. Discussion

The petition fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A sentence imposed within the statutory limits, as Petitioner's sentence, is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000); *see also Foster v. Withrow*, 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001) (same). Claims

which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Here, Petitioner's sentence is within the statutory limits.

Petitioner's claim that he was sentenced under incorrectly scored guidelines is non-cognizable on federal-habeas review. An argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire* 502 U.S. 62, 68 (1991)). "[I]n short, petitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score does not merit habeas relief. *Id*.

The Court therefore concludes that Petitioner is not entitled to habeas relief and his petition is subject to summary dismissal.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues

presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

4

IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to appeal in forma pauperis.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 17, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 17, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant